**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, *et al.*,

    Plaintiff,

vs.

YORKSHIRE MANOR ASSOCIATION, *et al.*,

    Defendants.

2:17-cv-01145-RFB-VCF

**ORDER GRANTING ENLARGMENT OF TIME TO SERVE AND SERVICE BY PUBLICATION (ECF NO. 15)**

    Before the court is Plaintiff's Motion to Substitute the Unknown Heirs of Jeffrey B. Campaigne and to allow service of process by publication against the remaining defendant (ECF No. 15).

    Plaintiff seeks to extend the time in which to effectuate service under Federal Rule of Civil Procedure 4(m) on Alyssee V. Campaigne and Jeffrey B. Campaigne. *Id.* Upon investigation, Jeffrey B. Campaigne is deceased and Alyssee V. Campaigne could not be located and may also be deceased. Plaintiff requests that the heirs of Jeffrey B. Campaigne be substituted in the stead of Jeffrey B. Campaigne personally and that this court permits service of the Summons and Complaint on the remaining defendants by publication. *Id.* No opposition has been filed.

    Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. The time to file an opposition has passed. Here, it would seem that Yorkshire Manor Association has consented to the granting to of the instant motion. Plaintiff may substitute the heirs of Jeffrey B. Campaigne in the stead of Jeffrey B. Campaigne.

**Service By Publication**

Pursuant to Fed. R. Civ. P. 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

Plaintiff asserts that the after diligent effort, it is unable to serve the Campaignes within the state of Nevada. (ECF No. 15). In support of this assertion, Plaintiff provided the court with several affidavits of attempted services (ECF Nos.15-1 and 15-2). The last known address for the Campaignes is 1691 London Circle, Sparks, Nevada 89431. *Id.* Service was unsuccessful at this address. *Id.*

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Complaint on the Campaignes is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

**Extension For Service**

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

1 | Plaintiff asserts that additional time is required to effect service, and asks this court to extend the 4(m) deadline. (ECF No. 15). The Complaint was filed on April 25, 2017, which makes July 24, 2017 the last day to effectuate service on the Campaignes. Fed. R. Civ. P. 4(m).

Given that Plaintiff has demonstrated "good cause" for its failure to effectuate service and has provided support for its request for an extension, the court will extend the 4(m) deadline, up to and including November 24, 2017. *See* Fed. R. Civ. P. 4(m).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Substitute the Unknown Heirs of Jeffrey B. Campaigne and to allow service of process by publication against the remaining defendant (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to serve the Campaignes by publication. A copy of the Summons and Complaint must be mailed to Alysse V. Campaigne at her last known address(es) by certified U.S. Mail, return receipt requested.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the Summons in this action must be served by publication in a newspaper, published in the state of Nevada, for a period of four weeks and at least once a week during that time.

IT IS FURTHER ORDERED that the deadline to effect service of process is extended up to and including November 24, 2017.

DATED this 24th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE